IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

BLACK GOLD ENERGY, LLC                                                    PLAINTIFF

v.                                                   CIVIL ACTION NO. 1:15-cv-00038-GHD-DAS

JOSEPHINE HOLLEY                                                          DEFENDANT

**MEMORANDUM OPINION DENYING DEFENDANT'S MOTION TO DISMISS**

Presently before the Court is a motion to dismiss [4] brought pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure filed by Defendant Josephine Holley. Plaintiff Black Gold Energy, LLC has filed a response, and Defendant Josephine Holley has filed a reply. The matter is ripe for review. Upon due consideration, the Court finds that the motion to dismiss [4] is not well taken and should be denied.

*A. Factual and Procedural Background*

Plaintiff Black Gold Energy, LLC ("Plaintiff") files this diversity action against Defendant Josephine Holley ("Defendant") alleging breach of contract, breach of duty of good faith and fair dealing, and tortious breach of contract. Plaintiff alleges that Defendant owned a 50% undivided mineral interest in an 849-acre parcel of land in Wilkinson County, Mississippi, and desired to sell a portion of the mineral estate. Plaintiff further alleges that it is a royalty broker that locates buyers for clients who desire to sell mineral rights in exchange for commission on the sale. Plaintiff avers that Defendant began a relationship with Plaintiff, advertising her mineral estate on Plaintiff's website, and that Plaintiff invested substantial time, effort, and money to promote Defendant's mineral interests to potential buyers. Plaintiff further avers that Defendant eventually offered to sell Plaintiff a portion of her mineral estate, and that the parties entered into a binding contract, whereby Defendant agreed to sell, and Plaintiff agreed

1

to buy, 106.125 net mineral acres from Defendant's mineral estate for $53,062.50. Plaintiff attaches the purported contract to the complaint. Plaintiff alleges that in the contract Defendant agreed not to sell any portion of her remaining mineral estate to any of Plaintiff's partners, business associates, investors, or abstractors unless prior written arrangements were made and agreed upon by Plaintiff, and that if Defendant breached the terms of the contract, she would be required to pay Plaintiff a 20% cash commission based on the sales price, or $1,000 per acre, whichever was greater.

Plaintiff maintains that Defendant breached the agreement by selling approximately 216 net mineral acres of her mineral estate to Schlachter Oil and Gas, Ltd., a Texas oil and gas company engaged in the exploration, development, secondary recovery, and acquisition of oil and natural gas resources and a prohibited party as described in the contract between Plaintiff and Defendant. Plaintiff further maintains that Defendant knew or reasonably should have known that Schlachter Oil and Gas, Ltd. was a prohibited party when she sold the mineral interests to Schlachter Oil and Gas, Ltd., but despite this knowledge, did not pay Plaintiff a commission on Defendant's sale or $1,000 per acre. Accordingly, Plaintiff alleges that under the contract it is entitled to recover 20% of the sale price of the transaction, or $1,000 per the 216 acres sold ($216,000), whichever is greater.

In lieu of filing an answer, Defendant has filed the present motion to dismiss, wherein she contends pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure that the Court does not have diversity jurisdiction over the case because Plaintiff has failed to satisfy the jurisdictional amount in controversy.

### B. Federal Rule of Civil Procedure 12(b)(1) Standard

" 'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.' " *Gunn v. Minton*, — U.S. —, 133 S. Ct. 1059, 1064, 185 L. Ed. 2d 72 (Feb. 20, 2013) (quoting *Kokkonen v. Guar. Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994)). " 'A case is properly dismissed for lack of subject[-]matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.' " *Smith v. Reg'l Trans. Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) (quoting *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005) (citation and internal quotation marks omitted)).

"A Rule 12(b)(1) motion to dismiss challenges the subject-matter jurisdiction of the federal court." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (citing Fed. R. Civ. P. 12(b)(1)). "[A] factual attack under Rule 12(b)(1) may occur at any stage of the proceedings, and plaintiff bears the burden of proof that jurisdiction does in fact exist." *Arena v. Graybar Elec. Co.*, 669 F.3d 214, 223 (5th Cir. 2012) (internal quotation marks and citations omitted).

In ruling on a Rule 12(b)(1) motion to dismiss, the Court may rely on (1) the complaint alone, presuming the allegations to be true; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts and by the Court's resolution of disputed facts. *See Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). The Court may consider matters outside the complaint and matters of fact that may be in dispute. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The Court's dismissal of a case for lack of subject-matter jurisdiction is not a decision on the merits, and the dismissal does not necessarily prevent the plaintiff from

pursuing the claim in another forum. *See Hitt v. City of Pasadena, Tex.*, 561 F.2d 606, 608 (5th Cir. 1977).

## *C. Discussion and Analysis*

Plaintiff alleges in the complaint that the basis of the Court's jurisdiction is federal diversity jurisdiction. Federal diversity jurisdiction requires complete diversity between plaintiffs and defendants and an amount in controversy that exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a); *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 387 (5th Cir. 2009). Defendant does not dispute diversity of citizenship,[1] so this Court turns to the jurisdictional amount in controversy.

Courts generally begin the amount-in-controversy analysis by " 'look[ing] only to the face of the complaint and ask[ing] whether the amount in controversy exceeds' the jurisdictional threshold." *Ervin v. Sprint Commc'ns Co.*, 364 F. App'x 114, 117 (5th Cir. 2010) (per curiam) (quoting *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996)). The Fifth Circuit has stated that "[i]t has long been recognized that unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. To justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, 58 S. Ct. 586, 82 L. Ed. 845 (1938) (internal citation omitted)). "Importantly, the jurisdictional facts must be judged as of the time the complaint is filed; subsequent events cannot serve to deprive the court of jurisdiction

---

[1] The Court notes that diversity of citizenship is established in the case *sub judice*: Plaintiff alleges that it is a Louisiana limited liability company with its principal place of business in Louisiana; that Defendant is a citizen of Mississippi; and thus that "Plaintiff and Defendant are citizens of different states resulting in complete diversity of citizenship." Pl.'s Compl. [1] ¶¶ 1–3.

once it has attached." *Id.* at 1253–1254 (citing *St. Paul Mercury Indem. Co.*, 303 U.S. at 288–89, 58 S. Ct. 586) (internal citation omitted)).

Here, Defendant relies solely on Plaintiff's complaint and attached documentation to support her motion to dismiss. The motion therefore presents a facial attack that does not require the resolution of factual matters outside the pleadings. *See Williamson*, 645 F.2d at 412–13.

Pertinent to the amount-in-controversy analysis, Plaintiff prays for the following relief:

a. Compensatory damages in the amount of 20% of the sale price for the Schlachter transaction, or $1,000 per net mineral acre ($216,000), whichever is greater;

b. Punitive damages;

c. Attorney's fees;

d. Court costs;

e. Pre-judgment interest;

f. Post-judgment interest; and

g. All other relief deemed proper in the premises.

Pl.'s Compl. [1] ¶ 38; *see id.* ¶¶ 23, 28, 33, 36. Plaintiff cites to a provision of the contract, which is attached to the complaint and states as follows:

> Seller agrees not to sell any portion of the minerals or royalties . . . to any partners, business associates, investors[,] or abstractors of the [B]uyer unless written prior arrangements are made and agreed [sic]. This stipulation will remain in [e]ffect for a period of two years after the close of this transaction. If such transaction takes place, [B]uyer is entitled to a 20% cash commission based on the sales price or $1,000 per acre, whichever is greater.

Letter Agreement [1] at 10.

Because Plaintiff seeks at least $216,000 in compensatory damages, it is "facially apparent" from Plaintiff's complaint that its claims exceed the jurisdictional amount. In addition, Plaintiff's complaint asserts the following allegations tending to support a punitive

5

damages claim: "Given the tortious nature of [Defendant's] conduct, [Defendant] should be assessed punitive damages . . . ." Pl.'s Compl. [1] ¶ 37. Although interest and costs are not considered in the amount-in-controversy analysis, *see* 28 U.S.C. § 1332(a)—nor ordinarily are attorney's fees, unless expressly authorized under applicable state law, *see Celestine v. TransWood, Inc.*, 467 F. App'x 317, 319 (5th Cir. 2012) (per curiam) (citing *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 874 (5th Cir. 2002))—here, even considering only the prayer for compensatory relief, the amount-in-controversy requirement is satisfied on the face of Plaintiff's complaint.

Defendant maintains that the contract supports that the parties agreed to limit any damages to $53,062.50, and thus, that the amount-in-controversy requirement is not met by Plaintiff's prayer for relief of at least $216,000. Defendant cites to a provision of the contract, which is attached to Plaintiff's complaint, and states as follows:

> Seller and Buyer agree that Seller's aggregate liability to Buyer for any loss, damage, injury, claim[,] or expense arising out of this Agreement and any services performed under this Agreement from any cause or causes whatsoever, shall not exceed the total compensation paid to Seller by Buyer for the portion of the services giving rise to such loss, damage, injury, claim[,] or expense.

Letter Agreement [1] at 10. Thus, according to Defendant, the total compensation she paid to Plaintiff was $53,062.50, and therefore, the amount of damages recoverable under the contract cannot exceed that amount.

A Rule 12(b)(1) motion requires the Court to limit its inquiry to subject-matter jurisdiction and does not allow the Court the liberty of delving into the merits of a case. *See Payne v. Progressive Fin. Servs., Inc.*, 748 F.3d 605, 608 (5th Cir. 2014). Because the amount in controversy is satisfied on the face of Plaintiff's complaint and its allegations provide a good-

faith basis for the requested recovery, the Court finds that Plaintiff has established the jurisdictional amount in controversy by a preponderance of the evidence. The Court cannot explore the parties' dispute on the meaning of the pertinent contractual provisions on a Rule 12(b)(1) motion. Accordingly, Defendant's motion to dismiss [4] is properly denied.

### *D. Conclusion*

In sum, Defendant's motion to dismiss [4] brought pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is DENIED.

A separate order in accordance with this opinion shall issue this day.

THIS, the 14th day of May, 2015.

                                          SENIOR U.S. DISTRICT JUDGE