IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

BLACK GOLD ENERGY, LLC                                                                    PLAINTIFF

v.                                                          CIVIL ACTION NO. 1:15-cv-00038-GHD-DAS

JOSEPHINE HOLLEY                                                                          DEFENDANT

## MEMORANDUM OPINION DENYING
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Presently before the Court is Defendant's motion for summary judgment [47]. Upon due

consideration, the Court finds that the motion is not well taken and should be denied.

This Court grants summary judgment "if the pleadings, the discovery and disclosure

materials on file, and any affidavits show that there is no genuine dispute as to any material fact

and that the movant is entitled to judgment as a matter of law." *See* FED. R. CIV. P. 56(a);

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Weaver v.

CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The rule "mandates the entry of summary

judgment, after adequate time for discovery and upon motion, against a party who fails to make a

sufficient showing to establish the existence of an element essential to that party's case, and on

which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S.

Ct. 2548.

The party moving for summary judgment bears the initial responsibility of informing the

court of the basis for its motion and identifying those portions of the record it believes

demonstrate the absence of a genuine dispute of material fact. *Id.* at 323, 106 S. Ct. 2548.

Under Rule 56(a), the burden then shifts to the nonmovant to "go beyond the pleadings and by

. . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,'

designate 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 324, 106 S. Ct.

2548; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). Where, as here, the parties dispute the facts, the Court must view the facts and draw reasonable inferences in the light most favorable to the plaintiff. *Scott v. Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) (internal citations omitted). "However, a nonmovant may not overcome the summary judgment standard with conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McClure v. Boles*, 490 F. App'x 666, 667 (5th Cir. 2012) (per curiam) (citing *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)).

Plaintiff Black Gold Energy, LLC ("Plaintiff") sues Defendant Josephine Holley ("Defendant") alleging breach of contract, breach of duty of good faith and fair dealing, and tortious breach of contract. Defendant owned a 50% undivided mineral interest in an 849-acre parcel of land in Wilkinson County, Mississippi, and desired to sell a portion of the mineral estate. *See* Def.'s Mot. Summ. J. [47] ¶ 1; Pl.'s Am. Compl. [36] ¶ 7. Plaintiff alleges it is a royalty broker that locates buyers for clients who desire to sell mineral rights in exchange for commission on the sale. Defendant began a relationship with Plaintiff, advertising her mineral estate on Plaintiff's website, www.mineraltrader.com. *See* Pl.'s Am. Compl. [36] ¶ 9; Def.'s Answer [39] ¶ 9. Plaintiff and Defendant subsequently entered into a letter contract, whereby Defendant agreed to sell, and Plaintiff agreed to buy, 106.125 net mineral acres from Defendant's mineral estate for $53,062.50. *See* Def.'s Mot. Summ. J. [47] ¶ 3; Pl.'s Resp. Opp'n to Def.'s Mot. Summ. J. [52] ¶ 1. In the contract Defendant "agrees not to sell any portion of the [remaining] minerals or royalties . . . to any partners, business associates, investors[,] or abstractors of [Plaintiff] unless prior written arrangements are made and agreed . . . for a period of two years after the close of this transaction," and that "[i]f such transaction takes place,

2

[Plaintiff] is entitled to a 20% cash commission based on the sales price or $1,000 per acre, whichever is greater." Letter Agreement [48-8] ¶ 6.

On September 11, 2014, Defendant apparently executed a purchase and sale agreement with Gulf States Minerals, LLC to sell an undivided 218 net mineral acres to Gulf States Minerals, LLC for $1,500 per net mineral acre. Def.'s Mot. Summ. J. [47] ¶ 6 (citing Randall Aff. [48-12] ¶ 2). Defendant maintains that she was not aware that Gulf States Minerals, LLC had assigned its rights under the PSA to Schlachter Oil and Gas, Ltd. Def.'s Mot. Summ. J. [47] ¶ 6. On September 17, 2014, Plaintiff sold 53 of the acres acquired from Defendant to Schlachter Oil and Gas, Ltd. for a total consideration of $116,600 or $2,200 per net mineral acre. Def.'s Mot. Summ. J. [47] ¶ 5; Pl.'s Mem. Br. Supp. Resp. Opp'n to Def.'s Mot. Summ. J. [53] at 1.

Plaintiff alleges that Schlachter was a business associate and investor of Plaintiff, and thus, that Defendant's execution of a deed listing Schlachter Oil and Gas, Ltd. as grantee constituted a breach of the letter agreement. Plaintiff further argues that Defendant secretly negotiated a deal with Plaintiff's landman to sell her own mineral interests to avoid paying Plaintiff a commission. Plaintiff also maintains that Defendant knew or reasonably should have known that Schlachter Oil and Gas, Ltd. was a prohibited party when she sold the mineral interests to Schlachter Oil and Gas, Ltd., but despite this knowledge, that Defendant did not pay Plaintiff a commission on Defendant's sale or $1,000 per acre. Accordingly, Plaintiff alleges that it is entitled to recover damages under the letter agreement.

Defendant argues that she sold mineral rights to Gulf States Minerals, LLC, not Schlachter Oil and Gas, Ltd., and thus did not breach the letter agreement. Defendant further argues that this sale of mineral rights occurred prior to the transaction between Plaintiff and

Schlachter Oil and Gas, Ltd. Defendant also argues that Schlachter Oil and Gas, Ltd. is not a prohibited party under the letter agreement because it is not a business associate or investor of Plaintiff, and that Plaintiff's interpretation of the contract terms is unreasonable and incorrect.

The Court finds that there are genuine disputes of fact in the record before it that preclude the exercise of summary judgment, including but not limited to whether the mineral rights were sold to a prohibited party under the subject contract between Plaintiff and Defendant. The Court further finds that any ruling on whether the letter agreement contains an unenforceable penalty provision should be deferred at this time and raised during trial.

In sum, Defendant's motion for summary judgment [47] shall be DENIED, and this matter shall proceed to trial.

An order in accordance with this opinion shall issue this day.

THIS, the 19th day of September, 2016.

_____
SENIOR U.S. DISTRICT JUDGE